# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. |
| | ) | |
| Defendant | ) | |

FILED
JAN 15 2015
CLERK'S OFFICE
U.S. DISTRICT COURT

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial.

### Part I—Findings of Fact

☑ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has previously been convicted
of    ☐ a federal offense    ☐ a state or local offense that would have been a federal offense if federal jurisdiction had existed - that is

☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4) or an offense listed in 18 U.S.C. § 2332b(g)(5) for which the prison term is 10 years or more.

☐ an offense for which the maximum sentence is death or life imprisonment.

☑ an offense for which a maximum prison term of ten years or more is prescribed in   21 U.S.C § 841(a)*

☐ a felony committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses:

☑ any felony that is not a crime of violence but involves:

☐ a minor victim

☑ the possession or use of a firearm or destructive device or any other dangerous weapon

☐ a failure to register under 18 U.S.C. § 2250

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state release or local offense.

☑ (3) A period of less than five years has elapsed since the    ☐ date of conviction    ☑ the defendant's release from prison for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition will reasonably assure the safety of another person or the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☑ (1) There is probable cause to believe that the defendant has committed an offense

☑ for which a maximum prison term of ten years or more is prescribed in   21 U.S.C. § 841(a)

☑ under 18 U.S.C. § 924(c).

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

☑ (2)   The defendant has not rebutted the presumption established by finding 1 that no condition will reasonably assure the defendant's appearance and the safety of the community.

### Alternative Findings (B)

☐ (1)   There is a serious risk that the defendant will not appear.

☐ (2)   There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II— Statement of the Reasons for Detention

I find that the testimony and information submitted at the detention hearing establishes by ☑ clear and convincing evidence   ☐ a preponderance of the evidence that

*Please see attached.*

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Date:  1-15-15

*Judge's Signature*

ELIZABETH STAFFORD - UNITED STATES MAGISTRATE JUDGE

*Name and Title*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Page 2 of 2

**United States v. Eric Thomas Valastek**
**15-30007**

The Court finds by clear and convincing evidence that there are no conditions or combination of conditions that would reasonably assure the safety of the public if Defendant Eric Thomas Valastek were to be released. As set forth in the complaint, Detroit Police officers arrested Valastek and his codefendant, Michael Jack Gutierrez, on December 4, 2014 after finding them in possession of marijuana, cocaine and heroin, each of which was packaged for sale. The officers also found a loaded handgun in Valastek's jacket, and there was a bullet in the chamber. Valastek is charged with possession with intent to distribute the controlled substances (21 U.S.C. § 841(a)), with being a felon in possession of a firearm (18 U.S.C. § 922(g)), and with possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)). There is probable cause to support these charges.

The Court finds that the nature and circumstances of the crime are serious, and in fact result in a rebuttable presumption that Valastek is a danger to the community and a flight risk. The weight of the evidence is strong. Valastek has significant family ties and ties to the community. Conversely, he has no significant employment history. Additionally, from

February 9, 2007 until March 26, 2009, Valastek was arrested and convicted for several crimes including felony weapons, felony dangerous drugs and felony stolen vehicle. During that time period, he violated three sentences of probation. After his probation was finally revoked and he was sentenced to one to five years of imprisonment, Valastek was paroled in 2010 and discharged from parole in July of 2013. Therefore, Valastek was just released from supervision about a year and a half before the instant alleged offenses.

Valastek presented significant evidence to rebut the presumption that he is a flight risk: his strong family ties and his lack of a history for failure to appear as directed. However, his proffer that he has no criminal convictions since 2009 and that his convictions were for violent felonies did not rebut the presumption that he created a danger to the public. Dangerousness of further illegal activity is relevant even if the likely illegal activity is not violent in nature. *United States v. Stone*, 608 F.3d 939, 948 n. 7 (6th Cir. 2010).

For these reasons, the Court finds that the government established by clear and convincing evidence that Valastek should be detained in order to assure the safety of the community.